IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Carole C.,[1]                          )        C/A No.: 1:20-4258-SVH
                                       )
                Plaintiff,             )
                                       )
        vs.                            )
                                       )        ORDER
Kilolo Kijakazi,[2]                    )
Commissioner of Social Security        )
Administration,                        )
                                       )
                Defendant.             )
_____       )

This matter is before the court on Plaintiff's motion for attorney fees

under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No.

19]. On September 22, 2021, the court issued an order granting the

Commissioner's motion to remand, reversing the decision of the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and

remanding the action for further administrative proceedings. [ECF No. 17].

On December 21, 2021, Plaintiff filed this motion seeking $4,107.37 in

attorney fees and $17.25 in expenses. [ECF No. 19]. The Commissioner

subsequently filed a response indicating she did not object to the requested

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

amount. [ECF No. 20]. Given Plaintiff's counsel's representations in his motion and the Commissioner's response in support of the motion and in accordance with 28 U.S.C. § 2412(d), the court grants the motion and directs the Commissioner to pay Plaintiff $4,124.62. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee be paid to Plaintiff through payment delivered to Plaintiff's counsel.[3]

IT IS SO ORDERED.

January 5, 2022                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

---

[3] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.